# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARYKAY RITTER**, | Case No. 3:20-cv-262-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ANDREW M. SAUL**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On March 23, 2021, pursuant to the stipulation of the parties, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. Before the Court is Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four

remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $2,347.91 and costs in the amount of $400. Defendant does not challenge the applicability of the EAJA statute and does not object to Plaintiff's request for attorney's fees. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

The Court GRANTS Plaintiff's application for attorney's fees (ECF 30). Plaintiff is awarded $2,347.91 for attorney's fees under 28 U.S.C. § 2412 and $400 for costs under 28 U.S.C. § 1920. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the court a waiver of direct payment of EAJA fees (ECF 31-2), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the payment of fees and costs, after any applicable offsets, to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED.**

DATED this 21st day of June, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge